UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                      v.

DANTE L. DOLSON, *et al.*,

                Defendant.

**DECISION AND ORDER**
18-CR-82-A

This case was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. On October 3, 2019, the Magistrate Judge filed a Report, Recommendation and Order (Dkt. No. 103) that recommends that a motion to suppress oral statements of defendant Dolson be denied.

Defendant Dolson filed objections to the recommendation to deny his motion to suppress his statements. Dkt. No. 104. The defendant contends primarily that he did not waive his rights under *Miranda*[1] before answering a law enforcement officer's questions. The United States filed a response to the objections. Dkt. No. 106.

Pursuant to 28 U.S.C. §636(b)(1), the Court must make a *de novo* determination of those portions of a report and recommendation to which objections have been made. While defendant Dolson was in custody during execution of a search warrant at 2235 Independence Avenue in Niagara Falls, New York, on August 24, 2017, a Detective read *Miranda* warnings to the defendant from a pre-printed card. The defendant, who

---

[1] *Miranda* right warnings by law enforcement officers are required to ensure that persons who are subject to custodial interrogation are aware of their constitutional rights against self-incrimination and to legal counsel. *See Miranda v. Arizona*, 384 U.S. 436, 487-79 (1966).

has more than 15 prior arrests, orally confirmed that he understood these rights, and the defendant shook his head to indicate that he had no questions when the Detective asked if he had any questions. The defendant did not ask about an attorney and did not say or indicate whether he would be willing to answer questions. Having considered all the circumstances of the defendant's communications with the law enforcement officer who administered *Miranda* warnings to him, the Court finds the defendant understood his *Miranda* rights when they were administered to him, and the Court adopts the Magistrate Judge's recommendation to find that the defendant was given the warnings and understood them.

Somewhere between 10 to 30 minutes after defendant Dolson was given *Miranda* warnings, and after he was moved to the back seat of a police car, the defendant was briefly questioned by a different law enforcement officer. The defendant did not ask for the assistance of an attorney or ask about an attorney. To have invoked his right to counsel, the defendant would have had to make "some statement that c[ould] reasonably be construed to be an expression of a desire for the assistance of counsel." *McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991). He did not do so.

Defendant Dolson did answer the law enforcement officer's questions. The defendant's answers were responsive and cogent. To have invoked his right to remain silent, the defendant would have had to asserted the right. *Berghuis v. Thompkins*, 560 U.S. 370, 381-82 (2010). He did not do so.

The Court has considered all of defendant Dolson's arguments in support of his objections to the Magistrate Judge's recommendation to deny his motion to suppress his oral statements and finds them to be without merit. The defendant was warned of

2

his *Miranda* rights, understood his rights, and understood that he was waiving his *Miranda* rights when he answered the questions he was asked by law enforcement. Accordingly, and for the reasons stated in the Report, Recommendation and Order, the Court finds that the defendant knowingly and voluntarily waived his rights to counsel and to remain silent when he was questioned by law enforcement on August 24, 2017, even though he did explicitly waive the rights. The Court further finds the defendant's answers to the questions were not coerced and were voluntary. The defendant's motion to suppress his oral statements to law enforcement on August 24, 2017 (Dkt. No. 76), is therefore denied.

The Court also adopts the other recommendations in the Report, Recommendation and Order (Dkt. No. 103) to deny suppression of physical evidence upon clear error review. It is hereby

**ORDERED** that the parties shall appear to set a date for trial on December 17, 2019, at 9:00 a.m.

**IT IS SO ORDERED.**

        *S/Richard J. Arcara*
        HONORABLE RICHARD J. ARCARA
        UNITED STATES DISTRICT COURT

Dated: December 16 , 2019